

# THE ATTORNEY GENERAL
# OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

July 13, 1973

The Honorable Hugh C. Yantis, Jr.
Executive Director
Texas Water Quality Board
312 West 11th Street
Austin, Texas 78711

Opinion No. H-64

Re: Does the Texas Water Quality Board, through the Texas Water Quality Act have the power to require a feedlot owner to submit evidence to establish that the feedlot operation or wastes from the feedlot operation do not cause pollution of ground or surface waters?

Dear Mr. Yantis:

Your letter requesting our opinion indicates a situation involving a cattle feedlot whose pens are so situated that manure laden storm water run-off may be expected to leave the property of the feedlot and drain across a state highway into a lake on neighboring property. The feedlot owner indicates that he has an agreement with the owner of the neighboring property to use the lake to retain the storm water and that it has sufficient capacity to prevent any run-off into any other surface waters.

Your first question is:

"Does this agency, through the Texas Water Quality Act, have the power to require the feedlot owner to submit evidence to establish that the feedlot operation or wastes from the feedlot operation do not cause pollution of ground or surface waters?"

The Texas Water Quality Act is found as Chapter 21, Water Code, Vernon's Texas Civil Statutes.

The powers of the Texas Water Quality Board are found in subchapter C commencing with § 21.061 which charges the Board, generally, with the responsibility of administering the provisions of the Act and of establishing the level of quality to be maintained in and to control the quality of the water in the State as provided in the Chapter. "The Board has the powers and duties specifically prescribed by this Chapter and all other powers necessary or convenient to carry out its responsibilities."

Section 21.069 is:

> "The board shall make and enforce rules reasonably required to effectuate the provisions of this chapter, including rules governing procedure and practice before the board . . . . "

Certainly, since the Board is charged with the maintenance of a certain level of quality of the water in this State, its general investigatory powers would encompass investigation to determine whether run-off from a feedlot polluted ground or surface waters. You have not asked us about the powers of the Board to prevent such run-off if it were found to cause pollution and we do not answer that question.

Section 21.252 provides civil penalties for violation of the provisions of Chapter 21 or any rule or other order of the Board. There is no provision in Chapter 21 for any criminal prosecution. However, § 5.090 of the Water Code, a part of subchapter A entitled General Provisions of Chapter 5, Having To Do With Water Rights, is as follows:

> "(a) No person may deposit in any canal, lateral reservoir, or lake, used for a purpose named in this chapter, the carcass of any dead animal, tin cans, discarded buckets or pails, garbage, ashes, baling or barbed wire, earth, offal, or refuse of any character, or any other article which might pollute the water or obstruct the flow of a canal or similar structure.

> "(b) A person who violates any provision of this section is guilty of a misdemeanor and upon conviction,

> is punishable by a fine of not less than $10.00
> nor more than $100.00 or by confinement in a
> county jail for not more than six months or by
> both."

Article 698c, Vernon's Texas Penal Code, (Acts 1969, 61st Leg., p. 483, Ch. 154), likewise makes it a misdemeanor to discharge or permit the discharge of waste into or adjacent to any water which causes the water pollution unless it is discharged in compliance with a permit issued by the Texas Water Quality Board or others.

The provisions of the Water Quality Control Act, to which we have made reference, would seem to authorize the Board to adopt reasonable rules and regulations governing the issuance of permits and other orders. The Board has adopted such rules, among them being Rule 505.1 which is:

> "The applications or pleadings of every
> applicant, protestant or party to the hearing and
> the evidence, testimony and other admissible
> matter offered in support thereof will be considered
> when presented in conformity with Board rules. All
> testimony shall be presented under oath. Hearings
> will be conducted in the manner the presiding officer
> deems most suitable to the particular proceeding, and
> technical rules of legal and court precedure do not
> apply. The purpose is to obtain all the relevant in-
> formation and testimony pertaining to a matter as
> conveniently, inexpensively and expeditiously as
> possible without prejudicing the rights of any parties
> to the proceedings."

It is our opinion that a person seeking any order or permit from the Board may be required by rule of the Board to submit evidence to establish that the feedlot operation or that the wastes from it, did not pollute the ground or surface waters.

Your second question asks:

"If it is shown that no wastes are discharged
into or adjacent the waters in the state and that,
therefore, the Texas Water Quality Act does not
apply, are wastes and waste disposal practices of
the feedlot subject to control by the Texas Water
Quality Board through the Solid Waste Disposal Act?"

The Solid Waste Disposal Act (Acts 1971, 62nd Leg., p. 1757, Ch. 516), Article 4477-7, provides in § 8b that any person who violates any provision of the Act shall be guilty of a misdemeanor.

It defines the word "Board" to mean the Texas Water Quality Board and, in § 3(b), it provides:

"The board is hereby designated the State Solid
Waste Agency with respect to collection, handling,
storage and disposal of industrial solid waste, and
shall be the coordinating agency for all industrial solid
waste activities. The board shall seek the accomplish-
ment of the purposes of this Act through the control of
all aspects of industrial solid waste collection, handling,
storage and disposal by all practical and economically
feasible methods consistent with the powers and duties
given it under this Act and other existing legislation.
The Board has the power and duties specifically pre-
scribed in this Act and all other powers necessary or
convenient to carry out its responsibilities. The board
shall consult with the department (the Department of
Health) with respect to the public health aspects, and
with the Texas Air Control Board with respect to the
air pollution control and ambient air quality aspects of
the matters placed under the jurisdiction of the board by
this Act."

We would therefore answer your questions as follows: (1) The Texas Water Quality Board does have the power to require a feedlot owner to submit evidence to establish that the feedlot operation or wastes from the feedlot

operation will not cause pollution of ground or surface waters, in connection with any application by the feedlot owner for a permit or other order of the Board;(2) The Texas Water Quality Board is designated as the agency to regulate and control the disposal of solid wastes.

## SUMMARY

The Texas Water Quality Board is given broad discretion to issue rules and regulations governing proceedings before it for permits and orders and may require, as a condition to the issuance of a permit, that a feedlot owner submit evidence to establish that his operation will not cause wastes to pollute ground or surface waters. In any event, the Texas Water Quality Board is the agency designated by the Solid Waste Disposal Act to control disposition of solid wastes.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee